UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ODIN NORDHEIM[1],<br><br>　　　　Plaintiff,<br><br>　v.<br><br>DEPARTMENT OF HOMELAND SECURITY,<br><br>　　　　Defendant. | Case No.  3:25-cv-06451-JSC<br><br>**ORDER TO SHOW CAUSE AS TO WHY ACTION SHOULD NOT BE DISMISSED** |

Plaintiff, who is representing himself, filed this immigration action on July 31, 2025, under the Administrative Procedures Act, 5 U.S.C. § 702, seeking a determination regarding his pending asylum application.  (Dkt. Nos. 1, 8, 14.)  Since filing the action, Plaintiff has submitted several motions, including a motion for a temporary restraining order seeking an order prohibiting Immigration and Customs Enforcement from arresting or detaining him at his next appearance at Immigration Court on October 29, 2025.  (Dkt. No. 11.)  It has come to the Court's attention that a month before Plaintiff filed this action, he filed another action likewise seeking a determination regarding his pending asylum application.  *See Nordheim v. USCIS*, No. 25-4701-TLT.  The government has appeared in that action and moved to dismiss the action as moot on the grounds Plaintiff's asylum application has been adjudicated.  *See* No. 25-4701, Dkt. No. 28.  In that earlier-filed action Plaintiff also filed a motion seeking to prohibit Immigration and Customs Enforcement from arresting or detaining him at his October 29, 2025 hearing.  *See* No. 25-4701, Dkt. No. 22.

---

[1] The Court VACATES its prior order granting Plaintiff's motion to proceed under a pseudonym. (Dkt. No. 9.)  Since the Court granted the motion, Plaintiff has submitted five documents all under his own name.  (Dkt. Nos.  8, 10, 11, 14, 15.)  Plaintiff thus appears to have abandoned his request to proceed under a pseudonym.

Federal courts "retain broad powers to prevent duplicative or unnecessary litigation." *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *see also Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) (courts have the inherent power "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants"). "Plaintiffs generally have no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant." *Adams v. Cal. Dep't of Health Servs.*, 487 F.3d 684, 688 (9th Cir. 2007) overruled in part on other grounds by, *Taylor v. Sturgell*, 553 U.S. 880 (2008). Rather, a plaintiff is "required to bring at one time all of the claims against a party or privies relating to the same transaction or event." *Id.* at 693. District courts thus have discretion to dismiss a "duplicative complaint with prejudice and preventing [the plaintiff] from fragmenting a single cause of action and litigating piecemeal the issues which could have been resolved in one action." *Id.* at 694 (cleaned up); *see also Woodson v. Barron*, No. 22cv-00075 DMG (GJS), 2022 WL 618972, at *2 (C.D. Cal. Feb. 9, 2022) (dismissing second of "two separate, but identical, actions" in the "interests of judicial economy" and collecting cases discussing).

Accordingly, Plaintiff is ORDERED TO SHOW CAUSE as to why this action should not be dismissed as duplicative of Plaintiff's earlier filed action, No. 25-4701. Plaintiff shall file a written response to this order by **September 9, 2025**.

All motions, including the briefing on Plaintiff's motion for a temporary restraining order, are held in abeyance pending disposition of this Order to Show Cause.

**IT IS SO ORDERED.**

Dated: August 26, 2025

JACQUELINE SCOTT CORLEY
United States District Judge

2