UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ODIN NORDHEIM,<br><br>            Plaintiff,<br><br>    v.<br><br>DEPARTMENT OF HOMELAND SECURITY,<br><br>            Defendant. | Case No.  3:25-cv-06451-JSC<br><br>**DISMISSAL ORDER**<br><br>Re: Dkt. No. 16 |

Plaintiff, who is representing himself, filed this immigration action on July 31, 2025, under the Administrative Procedures Act, 5 U.S.C. § 702, seeking a determination regarding his pending asylum application. (Dkt. Nos. 1, 8, 14.) Since filing the action, Plaintiff has submitted several motions, including a motion for a temporary restraining order seeking an order prohibiting Immigration and Customs Enforcement from arresting or detaining him at his next appearance at Immigration Court on October 29, 2025. (Dkt. No. 11.)  After it came to the Court's attention Plaintiff had filed another action just shortly before filing this action, and that the earlier-filed action likewise seeks a determination regarding his pending asylum application, *see Nordheim v. USCIS*, No. 25-4701-TLT, the Court issued an Order to Show Cause as to why this action should not be dismissed as duplicative of the earlier-filed action.  (Dkt. No. 16.)  Having considered both parties' responses to the Order to Show Cause, the Court DISMISSES this action as duplicative. (Dkt. Nos. 17, 31, 32.)

Federal courts "retain broad powers to prevent duplicative or unnecessary litigation." *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *see also Landis v. N. Am. Co*., 299 U.S. 248, 254 (1936) (courts have the inherent power "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants"). "Plaintiffs generally have no

right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant." *Adams v. Cal. Dep't of Health Servs.*, 487 F.3d 684, 688 (9th Cir. 2007), overruled in part on other grounds by, *Taylor v. Sturgell*, 553 U.S. 880 (2008). Rather, a plaintiff is "required to bring at one time all of the claims against a party or privies relating to the same transaction or event." *Id*. at 693. District courts thus have discretion to dismiss a "duplicative complaint with prejudice and preventing [the plaintiff] from fragmenting a single cause of action and litigating piecemeal the issues which could have been resolved in one action." *Id*. at 694 (cleaned up); *see also Woodson v. Barron*, No. 22-cv-00075 DMG (GJS), 2022 WL 618972, at *2 (C.D. Cal. Feb. 9, 2022) (dismissing second of "two separate, but identical, actions" in the "interests of judicial economy" and collecting cases discussing).

This action is duplicative of the earlier-filed action. Although Plaintiff has (without leave of court) filed several different iterations of the complaint, the operative version and all subsequent versions seek to compel United States Citizenship and Immigration Services ("USCIS"), which is an agency within the Department of Homeland Security, to adjudicate his Form I-589, Application for Asylum and Withholding of Removal. (Dkt. No. 1 at 5-6; Dkt. No. 14 at 3-4; Dkt. No. 29 at ¶¶ 1-3, 12-15, 22-26.) This is the same relief Plaintiff sought in the earlier-filed action, Case No. 25-4701 TLT. (No. 25-4701, Dkt. No. 1 at 4; Dkt. No. 45 at 2-3, 5.) Further, Plaintiff's claims for relief have already been adjudicated in this earlier-filed action. (No. 25-4701, Dkt. No. 45 (dismissing for lack of subject matter jurisdiction based on mootness as the asylum application has been adjudicated)). Accordingly, in the interests of judicial economy, this action will be dismissed on the ground that it is duplicative of the parties and claims at issue Case No. 25-4701.

All pending motions are terminated as moot.

The Court will enter separate judgment.

**IT IS SO ORDERED.**

Dated: October 9, 2025

JACQUELINE SCOTT CORLEY
United States District Judge